The STATE of Texas, Appellant,

v.

Thomas JOHNSON, Appellee.

No. 05–89–01433–CR.

Court of Appeals of Texas, Dallas.

July 11, 1990.

Discretionary Review Refused Oct. 10, 1990.

Ronald D. Wells, Gary A. Udashen, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before LAGARDE, KINKEADE and BURNETT, JJ.

## OPINION

BURNETT, Justice.

The State of Texas appeals from the granting of appellee's motion to suppress evidence. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5) (Vernon Supp.1990). Appellee has filed a motion to dismiss for want of jurisdiction claiming that jeopardy attached in the proceedings in the trial court. We will grant the motion and dismiss the appeal.

The record reflects that appellee was indicted for possession of a controlled substance. On November 16, 1989, the parties came to court apparently with the intent that only the hearing on appellee's motion to suppress be conducted. When the trial court asked appellee if he would enter a plea if the court overruled his motion to suppress, counsel responded that he would proceed to a bench trial. The court then said, "Well, if we're going to do that, go ahead and waive a jury trial now and let's do it." When the State indicated that its analysis of the drugs may not have been complete, the trial court replied that it would give the State a continuance if the analysis was not yet done. After the court admonished the defendant on his right to a jury trial, the court approved his waiver of jury trial, which had been signed by the State. The defendant waived arraignment and entered a plea of not guilty. The court swore all witnesses, then admonished them as to the requirements of "the Rule." The court then began taking testimony. During the course of the hearing/trial, the judge overruled objections to hearsay if the hearsay went to probable cause, but also indicated that if the hearsay did not go to

probable cause, he would not consider it. Only one witness testified before the judge told the State and defendant that he would grant the motion to suppress. The State asked for an opportunity to brief on the suppression issue, to which the court replied, "I'll tell you what your remedy is ... you can appeal what I am doing here." Shortly thereafter, defense counsel asked whether they were "in a TBC[1] *now*?" The court then took testimony from two more witnesses; from the record, it appears that the purpose of the testimony of these two witnesses was to try to convince the judge to reverse his ruling on the motion to suppress. The court again announced that it was granting appellant's motion to suppress, and after encouraging the State to appeal, concluded the proceedings. The docket sheet recites, "Motion to suppress. Evidence presented. Both sides rest and close on M.T.S. Argument. Defendant's motion is granted."

Appellee argues that regardless of the test for when jeopardy attaches, jeopardy had attached. He entered a plea to the indictment, the trial court began to receive evidence, and appellant executed a valid jury waiver which was approved by the court. In addition, the court indicated that it was considering evidence both for the purpose of determining probable cause and for other purposes (rather, the court would not consider hearsay testimony unless it went to probable cause).

The State responds that appellee told the court at the outset of the proceedings that it was only a motion to suppress. Neither side announced ready for trial, the court characterized the order as a pretrial order, defense counsel indicated after the motion was granted that he believed the hearing was a pretrial hearing (that is, he asked, "Are we in a TBC *now*?", indicating that he believed that prior to that point, the hearing was of a pretrial nature), the trial court encouraged the State to appeal, and the docket sheet reflected only a hearing on a motion to suppress.

1. We take this abbreviation to refer to a trial before the court.

■ Article 44.01(a)(5) of the Code of Criminal Procedure provides that the State may appeal an order granting a motion to suppress evidence if jeopardy has not attached in the case. TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1990). A defendant is placed in jeopardy in a criminal proceeding once the defendant is put to trial before the trier of fact, whether the trier is a jury or a judge. *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). In jury trials, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978). However, in a non-jury trial, the point at which jeopardy attaches is not so clear. Jeopardy may attach when a plea has been entered and the court begins to hear evidence. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). The Fifth Circuit, citing *Serfass* as authority, has held that jeopardy attaches when the first witness is sworn. *United States v. Garcia,* 589 S.W.2d 249, 251 (5th Cir.1979). In Texas, courts have enumerated five separate points at which jeopardy may attach:

1. When the defendant pleads to the indictment;

2. When the trial court begins to receive evidence;

3. When the trial court begins to consider an agreed statement of facts in the form of a written judicial confession offered by the State;

4. When the defendant has executed a valid jury waiver, thereby choosing the judge as the trier of fact; or

5. When the State has announced ready at the beginning of trial.

*Thornton v. State,* 601 S.W.2d 340, 344 n. 3 (Tex.Crim.App.1979); *State v. Torres,* 780 S.W.2d 513, 516 (Tex.App.—Corpus Christi 1989, pet. granted). However, entry of a plea at an arraignment does not cause jeopardy to attach. *State ex rel. Ownby v. Harkins,* 705 S.W.2d 788, 790 (Tex.App.—Dallas 1986, orig. proceeding). The parties appear to agree, and we conclude, that the ultimate issue in this case is whether the proceeding in the trial court was a hearing on a motion to suppress or a bench trial.

In the present cause, appellee entered a plea to the indictment. This alone might not cause one to say that jeopardy had attached, because it could have been considered a plea entered at an arraignment. However, it was entered after appellant's waiver of jury had been accepted, and after the court had indicated that it was proceeding with the trial on the merits. The proceeding terminated after the motion to suppress was granted; however, there is nothing that prohibits a trial court from adjourning prior to the end of a trial. The State has placed some weight on the fact that neither party announced ready for trial. While the State equivocated on its readiness for trial, the trial court said that it would give a continuance *if* the analysis of the drugs was not complete. No further mention was made of the completion of the analysis. In addition, no written motion for continuance appears in the record. A criminal action may be continued on *written* motion showing sufficient cause. TEX. CODE CRIM.PROC.ANN. art. 29.03 (Vernon 1981). As a result, we conclude that the trial court did not give a continuance. In addition, the State has cited no authority, and this Court finds none, which says that trial may not begin until the parties announce ready. Finally, the court indicated that it was considering evidence for purposes other than the existence of probable cause.

In summary, three of the points at which jeopardy may attach are present in this case; appellant entered a plea, the court began to receive evidence, and appellant entered a valid jury waiver. In addition, the record reflects that the trial court was considering that evidence was being offered not only to establish probable cause (admissible in a hearing on a motion to suppress), but for other purposes. While the record contains some indications that the hearing was only on the motion to suppress (the initial questioning about the nature of the proceeding prior to the trial court telling the parties to have a trial before the court "now," no announcement of ready from the parties, termination of the proceeding after granting the motion to

suppress, notations on the docket sheet), the record is sufficiently clear to show that the proceeding was, in fact, a bench trial and that jeopardy had attached since appellant had been put to trial before the trier of fact, satisfying the requirement of *United States v. Jorn.* As a result, the State may not appeal under article 44.01(a)(5), or any other provision of article 44.01.

We do not purport to hold that any of the individual actions in the trial court caused jeopardy to attach. We simply hold that, when viewing the record as a whole, the inescapable conclusion is that jeopardy attached in this case, and the State may not appeal.

The appeal is dismissed for want of jurisdiction.