The STATE of Texas, Appellant,

v.

Steven SCHAEFER, Appellee.

No. 03-97-00767-CR

Court of Appeals of Texas,
Austin.

Dec. 3, 1998.

Ken Oden, County Atty., William G. Swaim, III, Asst. County Atty., Austin, for Appellant.

Steven Schaefer, Leander, pro se.

Before Justices JONES, B.A. SMITH and DALLY.*

BEA ANN SMITH, Justice.

The State of Texas appeals from a trial-court order granting appellee Steven Schaefer's motion to suppress evidence in his jury trial for the offense of driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04 (West Supp.1999). The State also appeals the court's subsequent order discharging an empaneled and sworn jury. In two points of error, the State claims that the trial court abused its discretion (1) in granting appellee's motion to suppress, and (2) by discharging the jury after granting the motion to suppress. The State also argues that its appeal is not barred by double jeopardy. We will dismiss the appeal for want of jurisdiction because jeopardy had attached before the trial court granted the motion to suppress and dismissed the jury.

---

\* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003(b) (West 1998).

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee was arrested on December 29, 1996, by Austin police officer William Thrash for DWI, enhanced as a second offense to a Class A misdemeanor. *See* Tex. Penal Code Ann. § 49.09(b) (West Supp.1999). The initial hearing scheduled to address pretrial issues had to be postponed due to the court's scheduling conflict. A second date was set for October 21, 1997; however, the State was unable to have the primary witness, Officer Thrash, present to testify on the motion to suppress. The court proceeded with other pretrial matters and intended only to voir dire the jury and then have a brief hearing on the motion to suppress before the actual commencement of trial. However, for some reason the jury was empaneled, sworn, and released to return for trial the following day.

On October 22, outside the presence of the jury, a hearing on the motion to suppress was held to determine if there had been sufficient probable cause to stop and subsequently arrest Steven Schaefer. Officer Thrash testified that he was first alerted by an unidentified female motorist that appellee's vehicle was being driven "erratically." It took Officer Thrash several minutes to maneuver his patrol vehicle near appellee's car due to the "stop and go" traffic that afternoon on northbound Research Boulevard. Officer Thrash testified that he stopped appellee's vehicle because its inspection and registration stickers were expired; however, he was initially unable to recall whether he was positioned beside or behind appellee's vehicle when he observed the expired stickers. He did recall that he was unable to get to the left of appellee's vehicle to see the stickers because appellee was traveling in the far left lane. Officer Thrash only remembered that he observed that the stickers were expired. After reviewing his offense report to refresh his recollection, Officer Thrash related that when he was directly behind appellee's vehicle, he believed he was able to see that the stickers were expired by looking through the rear window of appellee's vehicle, a 1987 Suzuki Samurai with a convertible top and plastic rear window. Officer Thrash testified that he stopped appellee due to observing the expired stickers and not because of the statements made by the unidentified witness about erratic driving. Officer Thrash subsequently arrested appellee for DWI based on his observations and appellee's performance of field sobriety tests.

During questioning by defense counsel, Officer Thrash was unable to relate objective, articulable facts as to how he was able to clearly observe the expired stickers from the rear of appellee's car. He offered only the conclusory statement that he had seen them. The trial judge stated that in order to make an independent determination whether Officer Thrash had adequate probable cause to stop appellee's vehicle, he needed to hear testimony containing objective facts, not just the officer's conclusory statements. After a brief recess, the trial court heard further arguments from the attorneys. The trial court determined there was inadequate probable cause for the stop. Both attorneys agreed with the court that if the judge ruled on the motion to suppress at that time, the court's decision could not be appealed. The court called a brief recess to give the State's attorney time to research the case law. Upon re-convening, the court heard further arguments from the attorneys and then granted the motion to suppress. The court then asked the attorneys if they agreed that the jury needed to be discharged, especially since the court had determined there was inadequate probable cause for the stop and Schaefer had not yet entered a plea before the impaneled jury. The court and the parties all acknowledged that jeopardy had attached when the jury had been empaneled and sworn. The State requested time to look at the appellate rules before the jury was dismissed, and another brief recess was called. In an attempt to avoid the jeopardy consequences, the State moved for a mistrial based on the doctrine of "manifest necessity." The trial court stated that jeopardy had attached because the jury had been empaneled and sworn, overruled the State's motion and discharged the jury, in effect acquitting the accused of the offense. The State filed this appeal. Because we hold that jeopardy had attached, we are without jurisdiction to decide whether the trial court judge correctly determined there was insufficient probable

cause and whether it correctly discharged the jury without granting the State's motion for a mistrial.

## DISCUSSION

 Article 44.01 of the Code of Criminal Procedure provides that the State may appeal an order granting a motion to suppress evidence if jeopardy has not attached in the case. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.1999). A defendant is placed in jeopardy in a criminal proceeding once he is put to trial before the trier of fact, whether the trier of fact is a judge or a jury. *See State v. Johnson,* 794 S.W.2d 557, 559 (Tex.App.—Dallas 1990, pet. ref'd) (citing *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)). In jury trials, it is well settled that jeopardy attaches when the jury is empaneled and sworn. *See Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Brown v. State,* 907 S.W.2d 835, 839 (Tex.Crim.App.1995); *Garza v. State,* 658 S.W.2d 152, 155 (Tex.Crim.App. 1982), *cert. denied,* 464 U.S. 863, 104 S.Ct. 194, 78 L.Ed.2d 171 (1983).

 In its argument, the State inappropriately relies on the doctrine of "manifest necessity" as a reason for which a mistrial should have been granted. A trial judge's discretion to declare a mistrial based on "manifest necessity" is limited to "very extraordinary and striking circumstances." *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). Although the United States Supreme Court has declined to formulate precise rules based on categories of circumstances in which manifest necessity exists, the general rule is that it exists "where the circumstances render it impossible to arrive at a fair verdict, where it is impossible to continue with trial, or where the verdict would be automatically reversed on appeal because of trial error." *Brown,* 907 S.W.2d at 839. Conducting a hearing on probable cause determination after impaneling and swearing a jury does not appear to fall into these listed circumstances. The practice of considering pretrial motions for the first time after the trial has begun is strongly disfavored, for the reason demonstrated by the instant case: the State is

deprived of the opportunity to appeal the unfavorable ruling. *See Lindley v. State,* 736 S.W.2d 267, 274 (Tex.App.—Fort Worth 1987, pet. ref'd untimely filed). However, it should be noted that the State failed to object to the trial court's empaneling the jury prior to hearing the motion to suppress. Article 44.01 prevents us from reaching the State's argument of manifest necessity because we lack jurisdiction to hear an appeal from an order granting a defendant's motion to suppress once jeopardy has attached. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.1999). Likewise, we are unable to address whether the trial court was correct in its probable cause determination.

## CONCLUSION

The appeal is dismissed for want of jurisdiction.