**Opinion filed February 14, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00030-CR

_____

## STATE OF TEXAS, Appellant

## V.

## HARVILL BLACKSHERE, Appellee

### On Appeal from the 35th District Court

### Brown County, Texas

### Trial Court Cause No. CR17-488

### M E M O R A N D U M   O P I N I O N   O N   R E M A N D

On original submission, this court set aside the order of the trial court and remanded the cause for further proceedings. The Court of Criminal Appeals granted the petition for discretionary review filed by Harvill Blackshere, reversed the judgment of this court, and remanded the cause to this court for further proceedings not inconsistent with its opinion. *State v. Blackshere*, 344 S.W.3d 400 (Tex. Crim. App. 2011). In accordance with the decision of the Court of Criminal Appeals, we dismiss the appeal for want of jurisdiction.

As noted by the Court of Criminal Appeals, the State was not authorized to appeal the trial court's order granting the motion to suppress because the motion was granted after jeopardy

had attached.  *Id.* at 404; *see* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2012).  The Court of Criminal Appeals held that "the trial court's actions were functionally an acquittal for purposes of double jeopardy."  344 S.W.3d at 409.  It is well settled that an acquittal, even if erroneous, bars further prosecution and cannot be reviewed on appeal.  *Sanabria v. United States*, 437 U.S. 54, 69 (1978); *United States v. Sisson*, 399 U.S. 267, 289 (1970).  Consequently, we must dismiss the State's appeal.

The appeal is dismissed for want of jurisdiction.

PER CURIAM

February 14, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2