

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00621-CR

The **STATE** of Texas,
Appellant

v.

Matthew **SAWYER**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-0069-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  April 17, 2013

DISMISSED FOR WANT OF JURISDICTION

Matthew Sawyer was charged with the offense of Unauthorized Use of a Motor Vehicle and entered a plea-bargain agreement with the State. The trial court, however, found Sawyer not guilty and signed a judgment purporting to acquit Sawyer. The State appeals the trial court's decision, claiming the trial court abused its discretion by failing to accept or reject the plea-bargain agreement before making its finding on the plea. However, as the State recognizes, this court can proceed to the merits of this appeal only if it has jurisdiction under Article 44.01 of

the Texas Code of Criminal Procedure.  Because we conclude that we do not have jurisdiction, we do not reach the merits of the State's appeal.

## BACKGROUND

Sawyer was indicted for the offense of Unauthorized Use of a Motor Vehicle after he took his mother's car without permission.  Pursuant to a plea-bargain agreement, the State recommended a sentence for time already served in jail in exchange for Sawyer's plea of guilty.  During a hearing on the matter, the trial court inquired about the motivation for and wisdom of prosecuting the case since Sawyer's mother had withdrawn her complaint.  The court then expressed its opinion that the District Attorney's Office was wasting valuable resources "prosecuting a case like this where a kid takes his mom's car [until] it runs out of gas." Subsequently, the court was informed about the existence of a plea agreement and its terms, and it accepted Sawyer's plea of guilty.  Almost immediately thereafter, and without further discussion, the trial court found Sawyer not guilty and adjourned the hearing.

## STATE'S RIGHT TO APPEAL

As a preliminary issue, we must first determine whether the State has the right to appeal in this case.  The State is not permitted to appeal a defendant's acquittal regardless of how erroneous the judgment may be.  *State v. Blackshere*, 344 S.W.3d 400, 406 (Tex. Crim. App. 2011); *State v. Stanley*, 201 S.W.3d 754, 759 (Tex. Crim. App. 2006).  An acquittal occurs when the trial court's decision reaches the merits of the case.  *U.S. v. Scott*, 437 U.S. 82, 90–91 (1978); *Stanley*, 201 S.W.3d at 760.  In *State v. Stanley*, the Court of Criminal Appeals rejected the argument that the order in that case was an acquittal because "nowhere does the order recite that the appellees have been found not guilty, that the State's evidence did not meet the standard of proof beyond a reasonable doubt, or that the State's proof as to any specific factual element necessary to conviction was lacking." 201 S.W.3d at 760; *see also Blackshere*, 344 S.W.3d at

406 (explaining that an acquittal is "based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict").

Under Article 44.01(a)(1) of the Texas Code of Criminal Procedure, however, the State is permitted to appeal the dismissal of an indictment. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2012). The State suggests the trial court's order in the instant case was truly a dismissal of the indictment and, thus, this appeal is permitted under Article 44.01(a)(1). *Id.* The Court of Criminal Appeals has explained the statute's broad intent to permit the State to appeal an order concerning an indictment "whenever the order effectively terminates the prosecution in favor of the defendant" so long as jeopardy has not attached. *State v. Moreno,* 807 S.W.2d 327, 332 (Tex. Crim. App. 1991) (en banc). Consequently, "[t]he mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability." *State v. Morgan*, 160 S.W.3d 1, 3 (Tex. Crim. App. 2004) (quoting *Moreno*, 807 S.W.2d at 332) (internal quotation marks omitted).

The question presented in this case is whether the trial court's judgment finding Sawyer not guilty was an acquittal or a dismissal of the indictment disguised as an acquittal. For nearly half of the hearing, the trial court questioned the prosecution about the wisdom of prosecuting this case and many times expressed its opinion that the prosecution of the case was a waste of resources. After concluding its criticism, the trial court admonished Sawyer as is required by Article 26.13 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2012). Subsequently, the State admitted an exhibit documenting Sawyer's waiver of a jury trial and stipulation of guilt. The trial court confirmed Sawyer's understanding that the document meant he was admitting guilt without requiring the State to present further evidence. Thereafter, the trial court accepted Sawyer's waiver and stipulation. The parties then discussed the plea-bargain agreement with the trial court, and the court accepted Sawyer's guilty plea.

After accepting Sawyer's guilty plea, however, the trial court proceeded to find Sawyer not guilty. In fact, the trial court's judgment states: "Having heard the evidence submitted, the Court FINDS Defendant NOT GUILTY of the charged offense." Despite the trial court's seeming disapproval of the State's decision to prosecute this case and the speculation that could be made regarding the trial court's reason for finding Sawyer not guilty, the court's judgment constitutes an acquittal because the judgment reflects that the trial court's not-guilty finding was based on the evidence submitted. *Stanley*, 201 S.W.3d at 760. We are bound by the express language used in the trial court's judgment, not a party's speculation about the trial court's motives. The State is prohibited from appealing an acquittal and, as a result, this court lacks jurisdiction to determine the merits of the State's appeal. *Blackshere*, 344 S.W.3d at 406.

## CONCLUSION

We conclude that the trial court's judgment constituted an acquittal. Therefore, this appeal is dismissed for want of jurisdiction.

Catherine Stone, Chief Justice

DO NOT PUBLISH