

# NUMBER 13-22-00457-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                 **Appellant,**

**v.**

DANIEL SOLIS,                                                     **Appellee.**

## On appeal from the County Court at Law No. 1 of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**

The State of Texas filed a notice of appeal from trial court cause number 20MC-05536-1 in County Court at Law No. 1 of Nueces County, Texas, regarding the "trial court's September 27, 2022, order granting Defendant's motion for directed verdict of acquittal after the jury verdict of guilty had already been returned and accepted." On October 5, 2022, the Clerk of this Court notified appellant that it appeared that there was

no final, appealable order. The Clerk requested appellant to correct this defect, if possible, and notified appellant that the appeal would be subject to dismissal if the defect was not corrected. *See* TEX. R. APP. P. 37.1. Appellant filed a response to the Clerk's directive asserting that the trial court's order "is the functional equivalent of an order granting a new trial for insufficient evidence," and is therefore appealable.

The State's right to appeal is governed by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a). Under this article, the state is entitled to appeal an order if the order grants a new trial. *See id.* art. 44.01(a)(3). "If a trial court's order is functionally indistinguishable from the granting of a motion for new trial, a reviewing court can look past the label given to it and treat it as an order granting the motion for new trial." *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011); *see, e.g., State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (treating order granting motion for judgment non obstante verdicto as functional equivalent of order granting motion for new trial for insufficient evidence because it accomplished same outcome); *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (determining that order granting motion to withdraw or reconsider plea should have been called order granting new trial because it returned case to posture before plea was accepted).

Our "interpretation of Article 44.01 recognizes that double-jeopardy law serves as the key boundary to the State's right to appeal under the statute." *State v. Blackshere*, 344 S.W.3d 400, 405 (Tex. Crim. App. 2011). The court of criminal appeals has explained that:

> One of the most fundamental rules of double-jeopardy jurisprudence is that when a trial ends in an acquittal, the defendant may not be tried again for the same offense. Whether the acquittal is "based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict," any further prosecution, including an appeal by the prosecution that would lead to a second trial, is prohibited. Even where an acquittal is based on an "egregiously erroneous foundation," such as erroneous exclusion of evidence or erroneous weighing of evidence, the acquittal bars appellate review of the ultimate disposition as well as the underlying foundation.

*Id.* at 406 (internal footnotes omitted); *see State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009); *State v. Jarvis*, 524 S.W.3d 267, 270–71 (Tex. App.—Waco 2016, no pet.). In the context of a State's appeal, double jeopardy is implicated when the following two conditions are met: (1) jeopardy must have "attached," as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. *Blackshere*, 344 S.W.3d at 405–06. For double-jeopardy purposes, an acquittal occurs when the trial court's ruling, "whatever its label," constitutes a resolution of some or all of the factual elements of the charged offense. *Blackshere*, 344 S.W.3d at 407. Here, the trial court's order directed a verdict of "not guilty" after the jury had rendered a verdict otherwise, and appellant's appeal threatens the appellee with an impermissible successive trial. We conclude that the trial court's action in directing a verdict of "not guilty" constituted the functional equivalent of an acquittal for purposes of double jeopardy. *See id.*

The Court, having examined and fully considered the notice of appeal, appellant's response to the Clerk's directive, and the applicable law, is of the opinion that we lack jurisdiction over the appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1); *Blackshere*,

3

344 S.W.3d at 405; *Moreno*, 294 S.W.3d at 597; *Jarvis*, 524 S.W.3d at 270–71.

Accordingly, we dismiss this appeal for lack of jurisdiction.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
1st day of December, 2022.