

# NUMBER 13-23-00540-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS, Appellant,

v.

ASHLEY MARTINEZ, Appellee.

## ON APPEAL FROM COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellant, the State of Texas, challenges the trial court's judgment dismissing appellee Ashley Martinez's Class A misdemeanor charge, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), after the jury had been sworn but before the State was allowed to present any evidence. We reverse and remand.

## I.    BACKGROUND

By complaint and information, the State charged Martinez on September 24, 2019, with a Class A misdemeanor assault. *See id.* The information specifically alleged that Martinez "intentionally, knowingly, and recklessly caused bodily injury to Alisha Ureste by spraying pepper spray on Ashley Martinez [sic]." Trial commenced on December 4, 2023.[1] Immediately after voir dire concluded and the jury was sworn, the trial court excused the jury and asked counsel to approach the bench to address a possible defect in the information. The trial court directed counsel to look at the complaint and the allegation and observed: "What you have is a screwed up complaint that nobody caught." The trial court proceeded to ask Martinez's defense counsel if he was going to make any motions on the defective information, to which counsel replied that he was making a motion that "the information alleges an impossible set of circumstances." The trial court replied, "Actually, the motion is that [the information] does not allege a crime." Martinez's counsel concurred with the trial court's suggestion that the allegation "d[id] not allege a crime."[2]

---

[1] Prior to the trial, none of the parties objected to the information or moved to amend it.

[2] The following colloquy occurred at trial:

| THE COURT [to defense counsel]: | So you're not going to have a motion? |
|---|---|
| [Defense counsel]: | We're—we're making the motion that the—the information alleges an impossible set of circumstances that—wherein my client is— |
| THE COURT: | Actually, the motion is that it does not allege a crime. |
| [Defense counsel]: | It doesn't allege a crime. |

2

The State conceded that there was a defect in the information, and questioned whether it gave rise to a "material variance." After a discussion between counsel and the trial court regarding variance law, the trial court stated it was dismissing the case because the information did not allege a crime, noting: "[W]hen I took a look at the charging instrument, there's a major defect in it. So I'm dismissing the case." The trial court entered a "Judgment of Acquittal" on December 4, 2023, stating in its entirety as follows:

> BE IT REMEMBERED that on the 4th day of December, 2024 [sic], came on to be heard the above cause and the Court having heard the evidence and argument presented by the State, and the Court having heard the motion and argument of the Defendant for Instructed Verdict, and the Court having considered same and being of the opinion that same should be granted;[3]

> It is accordingly, ORDERED that the Defendant Ashley Martinez, be acquitted and found NOT GUILTY of the charge filed against him/her herein.

> SIGNED AND ENTERED this 4[th] day of December, 2023.

This appeal followed.

## II.    DISCUSSION

By a single issue on appeal, the State argues that the trial court erred in dismissing the information for a charging error that was not material and had been waived by failure of the defense to raise an objection prior to trial.

### A.    Appellate Jurisdiction

At the outset, we address Martinez's argument that the State has no "standing to bring this appeal" because an order of acquittal is not appealable.

---

[3] There is no motion or argument for an instructed verdict in the record.

3

By statute, the right of appeal afforded to the State is limited. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01. Specifically, Article 44.01(a) of the Texas Code of Criminal Procedure provides that the State may appeal orders that:

(1)     dismiss an indictment, information or complaint or any portion of an indictment, information or complaint;

(2)     arrest or modify a judgment;

(3)     grant a new trial;

(4)     sustain a claim of former jeopardy; or

(5)     grant a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

*Id.* Article 44.01(a)(1) addresses the dismissal of charging instruments and does not authorize the appeal of an order of acquittal. *See Taylor v. State*, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994) (stating that Article 44.01(a)(1) does not embrace either an order of "acquittal" or an order dismissing a "prosecution" based on insufficient evidence); *State v. Stanley*, 201 S.W.3d 754, 759 (Tex. Crim. App. 2006) (concluding that a true order of acquittal prior to a jury verdict cannot be reviewed on appeal).

The trial court's written order stated that it was granting Martinez's motion for instructed verdict, that Martinez was acquitted, and that Martinez was "found not guilty." Therefore, we must determine the nature of the trial court's order and the State's corresponding authority to appeal under Article 44.01(a) of the Texas Code of Criminal Procedure.

In determining its jurisdiction, an appellate court must look to the effect of any orders concerning an indictment or information, not what the trial court or the parties have

4

labeled such orders. *See State v. Moreno*, 294 S.W.3d 594, 598 (Tex. Crim. App. 2009) ("[W]e are not bound by the trial judge's label [of acquittal]; instead, we must examine the substance of the order."). An "acquittal" means a finding of fact that the accused is not guilty of the criminal offense with which she is charged made in the context of an adversary proceeding, by an individual or group of individuals with the legal authority to decide the question of guilt or innocence. *State v. Fisher*, 212 S.W.3d 378, 381 (Tex. App.—Austin 2006, pet. ref'd). What constitutes an "acquittal" is not controlled by the form of the judge's action. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977); *see also State v. Moreno*, 807 S.W.2d 327,332 (Tex. Crim. App 1991) ("The mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability. . . ."). For double-jeopardy purposes, a defendant is acquitted when "the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the *factual elements of the offense* charged." *State v. Blackshere*, 344 S.W.3d 400, 406–07 (Tex. Crim. App. 2011) (emphasis added).

Here, the trial court terminated the prosecution based on its finding that the State's complaint and information failed to accuse Martinez of any crime. Its ruling was not based on a determination of the "factual elements of the offense charged." *See id*. In essence, having dismissed the charge, the trial court never reached the merits of Martinez's guilt or innocence by way of examining evidence presented by the State as would be required for an acquittal. *See id*. Because the trial court did not purport to resolve any of the factual elements of the offense alleged in the charging instrument, its order dismissing the charge was not an acquittal, but rather was a dismissal of a charging instrument. *See id*.

Therefore, we conclude the State is authorized by statute to bring this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). We overrule Martinez's issue.[4] Having determined that the trial court's order was appealable by the State, we proceed to consider whether the trial court's dismissal of the information was erroneous.

## B.     Dismissal of Information

We review a trial court's dismissal of a charging instrument for an abuse of discretion. *State v. Hill*, 558 S.W.3d 280, 284 (Tex. App.—Dallas 2018, no pet.) (citing *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998)) "It is well established that there is no general authority that permits a trial court to dismiss a case without the prosecutor's consent." *Id.* (citing *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003)). "A trial court may dismiss a charging instrument to remedy a constitutional violation, but such dismissal is 'a drastic measure only to be used in the most extraordinary circumstances.'" *Id*. (quoting *Mungia*, 119 S.W.3d at 817); *see State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995). "Where there is no constitutional violation, or where the defendant's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action, the trial court abuses its discretion in dismissing the indictment without the consent of the State." *Hill*, 558 S.W.3d at 284 (citing *Mungia*, 119 S.W.3d at 817).

The State concedes that it wrongly argued in the trial court that the charging instrument contained a "nonmaterial variance," as illustrated in the following excerpt:

[4] Martinez argues that public policy forbids us from exercising jurisdiction in this appeal. We do not reach this argument because the statute specifically authorizes the State to appeal an order dismissing an information. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1).

6

| | |
|---|---|
| [State]: | Yeah. I think the question then becomes: Is it a material variance? Or is it a nonmaterial variance? |
| THE COURT: | I think it's a material variance. It's not a minor thing. |
| [State]: | You know— |
| [Defense counsel]: | Except for the fact that she sprayed herself. No witness is going to say she sprayed herself. |
| [State]: | This is the Defendant that supposedly sprays herself? But I mean, from a commonsense perspective, it's not a criminal offense to spray yourself, to assault yourself. So, I think, considering— |
| [Defense counsel]: | Then there is no matter [sic] or means of allegation in this particular complaint. |
| [State]: | The State would argue that it's an incorrect, inaccurate matter [sic] or means, but that under the circumstances, they clearly had notice, I would think, that the victim is the one that was pepper sprayed. And so we'd still argue it's a minor variance. It's not a material variance that deprived them of notice sufficient to prepare for defense, because it's not even an offense to assault yourself. That—that would be an absurd reading of the information. |
| THE COURT: | Well, basically the complaint doesn't state an offense. That's the problem. |

"A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Bullock v. State*, 673 S.W.3d 758, 762 (Tex. App.—Dallas 2023, no pet.) (quoting *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001)). "In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Id.* "If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain the conviction." *Wray v. State*, 711 S.W.2d 631, 633

7

(Tex. Crim. App. 1986). Here, no evidence was presented at the time the trial court rendered its order dismissing the information. Accordingly, the State is correct that the trial court's order does not concern a "variance" issue.

On appeal, the State argues that the issue concerns an alleged defect in the information, which is "merely a charging error that had been waived by failure to object prior to trial" by Martinez.[5]

The trial court stated that it was dismissing the information because it did not allege a crime. However, in *Duron v. State*, the Texas Court of Criminal Appeals held that "a written instrument is an indictment or information" under the Texas Constitution "if it accuses someone of a crime with *enough clarity and specificity* to identify the penal statute under which the State intends to prosecute, *even if the instrument is otherwise defective*." 956 S.W.2d 547, 551 (Tex. Crim. App. 1997) (emphasis added) (citing TEX. CONST. art. 5, § 12(b) ("An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person

---

[5] Martinez did not object to the information prior to trial, and therefore, waived any complaint as to "defect, error, or irregularity of form or substance" in the charging instrument. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). "[N]ot all [charging] defects are matters of substance such that a defendant must object to them before trial or lose his right to complain about them on appeal. Some defects, instead, remove the written instrument from the ambit of [Article] 1.14(b) because they render the instrument a non-indictment." *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997); *see Teal v. State*, 230 S.W.3d 172, 183 (Tex. Crim. App. 2007) (Keller, P.J., concurring) (noting that an indictment which merely reads "John Smith intentionally" would not contain "enough information to allege an offense" and would not invoke the court's jurisdiction). Here, Martinez has never argued the information failed to accuse her of a crime "with enough clarity and specificity to identify the penal statute under which the State intend[ed] to prosecute" such that it would not invoke the trial court's jurisdiction. *See Duron*, 956 S.W.2d at 550–51 ("[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective.").

8

with the commission of an offense. . . . The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.")). The following excerpt from *Duron* is instructive:

> In the instant cause, we are once again asked to hold that a purported indictment is not really an indictment because it does not charge "the commission of an offense." But unlike our earlier cases, this complaint is directed against a written instrument which does allege on its face all of the statutory elements comprising a criminal offense under the Texas Penal Code. It charges that appellant, acting with intent to arouse his own sexual desire, had sexual contact with a child younger than seventeen years of age who was not his spouse. These allegations contain all of the statutory elements of indecency with a child. *See* [TEX. PENAL CODE] § 21.11(a)(1). But, according to appellant, the instrument also contains factual allegations establishing, if true, that he is not guilty of indecency with a child. It alleges that the sexual contact between appellant and the child occurred when appellant rubbed his penis between her legs. Appellant argues that, because the law defines "sexual contact" only as "any touching of the anus, breast, or any part of the genitals of another person," and because legs are not included, the purported indictment does not actually charge the commission of an offense and is not, therefore, an indictment so as to confer jurisdiction on the trial court.
>
> . . . .
>
> The instant cause does not involve a charging instrument which is even arguably defective on account of its failure to include one or more allegations necessary to give notice of the statutory offense with which the defendant was charged. As we have come to hold today, this is all that *Studer* and *Cook* require to satisfy the mandate of Art. V, § 12 that an indictment charge "the commission of an offense." This is true whether an indictment fails to allege one element of an offense or whether it contains additional information that may indicate innocence. Thus, regardless of the inclusion of factual allegations that arguably evidence appellant's innocence, there is no doubt that the State intended to accuse appellant of indecency with a child, and appellant does not claim otherwise.

*Id.*

The State correctly argues that where the charging instrument "contains additional information that may indicate innocence," the alleged error is considered non-fatal and waived if not raised prior to trial. *See id.*

9

Here, the information alleges that Martinez "intentionally, knowingly, and recklessly caused bodily injury to Alisha Ureste by spraying pepper spray on Ashley Martinez [sic]." As in *Duron*, the charging instrument alleged all the elements of the charged offense, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), but included an additional allegation which may have "indicate[d] innocence." *See Duron*, 956 S.W.2d at 551. But the fact that the charging instrument contained extraneous allegations that may negate elements of the offense is an insufficient basis for a dismissal per *Duron*. *See id.* The allegations in the charging instrument were clear enough for Martinez to identify the offense alleged by the State, despite the additional allegation that defendant pepper-sprayed herself. *See Teal*, 230 S.W.3d at 180.

Accordingly, we conclude the trial court erroneously dismissed the information for failure to allege an offense. We sustain the State's second issue.

### III.   CONCLUSION

The trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
11th day of July, 2024.