### FRANK M. LAFFERTY v. THE STATE.

No. 2073. Decided March 21, 1900.

**1. Gambling House—Indictment.**

A common gambling house is a public place, and it is immaterial that the pleader in the indictment called the gaming house a public place instead of a public house.

**2. Charge of Court.**

On a charge of playing cards at a public place, applying the law to the facts the court charged the jury, "if defendant did then and there play at a game with cards in a gaming house, then you are instructed to find him guilty and assess his punishment." Held, this being a direct application of the law to the facts, was sufficient.

**3. Counts in Indictment.**

Where several counts in an indictment, any one of which is good, are submitted to the jury, and the evidence supports such good count, it will be applied to the good count.

APPEAL from the County Court of Parker County. Tried below before Hon. I. N. ROACH, County Judge.

Appellant was convicted of gaming, and his punishment assessed at a fine of $10.

No statement of the case is necessary.

*A. H. Calwell,* for appellant, filed a motion for rehearing, which was overruled without a written opinion.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gaming, and his punishment assessed at a fine of $10. The indictment contains three counts,—the first charging playing at a game with cards in a gaming house; the second, playing at a game with cards in a public place, to wit, in a private room of an inn, to which room divers people did then and there commonly resort for the purpose of gaming; and, third, with playing at a game with cards in an outhouse, where people did then and there resort for gaming. Motion was made to quash the indictment because the first count alleges the playing to have been in a public place, and the facts alleged made it a public house, and not a public place; and the second count charges the playing in a public place, and the facts alleged make it a public house; and this count is also alleged to be defective because it did not allege the room to be attached to a public house. The court was correct in overruling these grounds as to the first count. White's Penal Code, sec. 630. A common gambling house is a "public place" (Rice v. State, 10 Texas, 545) ; and the fact that the pleader called the gaming house a "public place," instead of a "public house," we think is not material.

While the witness Maxey was testifying, and after he stated he was the owner of the building, which was a two-story brick, in which the gambling was alleged to have occurred, defendant asked him if he had ever rented or in any way given John Minnick permission to occupy or use any room in his building for any purpose. This was objected to by the State as immaterial; the theory of defendant being that said Minnick was occupying the room upstairs, using it as a gambling room, and was the man who dealt the chips in the game, and was in the room when each game was played. The witness would have answered he had never rented or leased any part of the building to Minnick, or given him permission to occupy the room in the building for any purpose. We think the action of the court was correct. The witness did testify that he gave defendant permission to put in some rooms upstairs, and that he put in one, but did not pay any rent, and the witness took the room for the rent. It is immaterial whether he gave Minnick any authority to control the rooms upstairs or not. If defendant built this room, and permitted Minnick to run the room as a gaming room or gambling house, it would be wholly immaterial whether Maxey

gave Minnick any authority to use the room or not. This would not be defensive matter.

The court charged the jury: "You are instructed that all houses commonly known as 'public,' and all gaming houses are included within the meaning of the word 'public place.'" The objection urged is that it would be a "public house," and not a "public place," there being a difference in the two words in the statute. This was one of the general definitions given by the court in his charge. Applying the law to the facts, the court charged the jury: "If defendant did then and there play at a game with cards in a gaming house, then you are instructed to find him guilty, and assess his punishment," etc. This was a direct application of the law to the facts, and was sufficient.

Nor did the court err in refusing to give appellant's definition of an "outhouse." See Sisk v. State, 28 Texas Crim. App., 432.

The evidence fully supports the first count in the indictment, and where several counts in the indictment are submitted to the jury, and the evidence supports either, such evidence will be applied to the good count. We believe the evidence fully justified the jury in finding the room in which the game occurred was a "public place," within the terms of the statute. The judgment is affirmed.

*Affirmed.*

BROOKS, Judge, absent.