LEONARD SMITH, ALIAS ELI JACKSON, V. THE STATE.

No. 3538.  Decided April 28, 1915.

1.—Passing Forged Instrument—Different Counts in Indictment—Variance.

Where defendant was charged with forgery in one count, and, in another, with passing a forged instrument and was convicted on the last count, the fact that there was a variance in the first count did not vitiate the second count in the indictment.

2.—Same—Case Stated—Indictment.

Where the jury specifically found the defendant guilty under the second count of the indictment charging the passing of a forged instrument, and as a refusal by the court to quash the first count charging forgery rendered no evidence admissible that would not have been admissible had the court sustained the motion, there was no error. Following Lafferty v. State, 56 S. W. Rep., 623, and other cases.

Appeal from the Criminal District Court of Travis. Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

C. C. Parker and W. J. Crider, for appellant.—On question of insufficiency of the indictment: Westbrook v. State, 23 Texas Crim. App., 401; Black v. State, 46 Texas Crim. Rep., 109; Webb v. State, 47 id., 306.

C. C. McDonald, Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Milontree v. State, 30 Texas Crim. App., 151; Cline v. State, 34 Texas Crim. Rep., 415; Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175.

HARPER, JUDGE.—The indictment against appellant contained two counts, one charging him with forgery and the other with passing a forged instrument. When tried he was found guilty under the second count in the indictment, the one charging him with passing a forged instrument, and his punishment assessed at two years confinement in the penitentiary.

In the first count in the indictment, a motion to quash the indictment would show it charged that appellant did make a false instrument in writing, purporting to be the act of Robert Lundell, while the alleged false instrument is set forth in the indictment and is alleged to be signed Robert Londell. No such variance, if variance it be held to be, appears in the second count in the indictment, the second count reading:

"And the grand jurors aforesaid, upon their oaths aforesaid, in said county and State, at said term, do further present to said court, that Leonard Smith, alias Eli Jackson, in said county and State, on or about the 4th day of January, in the year of our Lord nineteen hundred and fifteen, did then and there wilfully, knowingly and fraudulently attempt to pass as true to one L. E. Shelby a false and forged instrument in

writing, which had theretofore been made without lawful authority, and with intent to defraud, and was then of the tenor following:

Austin, Texas, 1/4/1915.   No........

### THE AUSTIN NATIONAL BANK

511

Pay to elie Jackson........................................Or Bearer $9.00
nine ........................................................ Dollars

Robert Londell

(Endorsed on margin of check) U. S. Government Depository.

And which said instrument in writing the said Leonard Smith, alias Eli Jackson, then and there well knowing to be false and forged he, the said Leonard Smith, alias Eli Jackson, did attempt to pass the same as true, with intent to injure and defraud, against the peace and dignity of the State."

If the court erred in refusing to quash the first count in the indictment, it would not present reversible error, as appellant was found guilty under the second count in the indictment, which is a good count. Whether there had been a count charging forgery or not, it would have been necessary to introduce evidence that the instrument appellant passed was a forgery, before he could be convicted of passing it under the second count in the indictment. In the case of Vincent v. State, 55 S. W. Rep., 819, it was held that refusal to quash the second count in the indictment is harmless error where the conviction was applied by the court to the first count in the indictment. In this case the jury specifically found appellant guilty under the second count in the indictment, and as refusal to quash the first count rendered no evidence admissible that would not have been admissible had the court sustained the motion, the bills present no error. Lafferty v. State, 56 S. W. Rep., 623; Butler v. State, 43 S. W. Rep., 992; Crook v. State, 39 Texas Crim. Rep., 252.

Had appellant made his motion to quash the first count before announcing ready for trial, a more difficult question would be presented, if the refusal to quash it rendered admissible testimony which would otherwise not have been admissible. But we have no such case before us, and the judgment will, therefore, be affirmed.

*Affirmed.*