## HATTIE HILL v. THE STATE.

### No. 6679. Decided April 26, 1922.

**1.—Theft—Suspended Sentence—Judgment—Practice in Trial Court.**

Where, upon trial of theft over the value of $50, the defendant filed an application for a suspended sentence, and the issue was submitted to the jury, who recommended the suspension of sentence, but the court refused to enter a judgment accordingly, but directed that the defendant's confinement in the penitentiary be for a period of three years, same was reversible error; and because another jury returned into court another verdict against this appellant on the same day was not a sufficient reason.

**2.—Same—Rule Stated—Final Judgment—Practice on Appeal.**

There must have been a final judgment in the latter case to justify the trial court in invoking the rule of procedure laid down in article 865-E, Vernon's C. C. P. Following Ex Parte Lawson, 76 Texas Crim. Rep., 516, and the judgment of conviction herein will be reformed according to law.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

91 Tex.—36

Appeal from a conviction of felony theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* for appellant.—Cited Paris v. State, 35 Texas Crim. Rep., 82.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Harris County of felony theft, and her punishment fixed at three years in the penitentiary.

In this case the appellant filed an application for a suspended sentence. The issue was submitted to the jury and in their verdict they found that appellant had never before been convicted of a felony and recommended the suspension of such sentence. The judgment of the court as same appears in the record before us omits and adjudication of the right of appellant to a suspended sentence under said verdict and as recommended by the jury, and as same appears in the record adjudges this appellant guilty of the crime charged, and such judgment is followed by a sentence regularly pronounced upon appellant directing her confinement in the penitentiary for a period of three years. It is specifically directed in and by Article 865c, Vernon's C. C. P., that in all cases sentence shall be suspended if the jury recommend in their verdict. The only apparent reason for not giving to appellant the benefit of said suspended sentence and for not entering judgment suspending same, appears to be that subsequent to the rendition of the verdict in the instant case and on the same day, a jury returned into court another verdict of guilty against this appellant, and that the trial court evidently concluded from the fact of the rendition of said second verdict that the court should proceed in the instant case substantially as is directed in Article 865e of Vernon's C. C. P., and that the suspension of sentence recommended in the instant case should not be granted but that the penalty imposed by the verdict should be pronounced against appellant in a sentence which should be made cumulative of the judgment rendered in said case in which the subsequent verdict of guilty was returned. The failure to give to appellant the benefit of the suspended sentence was unwarranted. The trial court had no right to refuse to enter judgment in accordance with the verdict of the jury because of the fact that on the same day as the return of the instant verdict and subsequent thereto another verdict of guilty was returned in a felony case, unless and until the judgment in said subsequent case became final. A motion for a new trial was made in said subsequent case under discussion and an appeal taken, and said case is now before this

court. There must have been a final judgment in the latter case to justify the trial court in invoking the rule of procedure laid down in said Article 865e. Ex parte Lawson, 76 Texas Crim. Rep., 516; 175 S. W. Rep., 698. The sentence imposed by order of the trial court will be set aside and the judgment of conviction herein reformed so that the order remanding appellant to jail to await the further orders of the trial court, which appears on page 465, Book 18, Minutes of the Criminal District Court of Harris County, Texas, will be eliminated and the concluding paragraph of said judgment will be made to read as follows: "It is further ordered, adjudged and decreed that the sentence of said Hattie Hill be suspended in accordance with the verdict of the jury herein and during the good behavior of said defendant, and that she be released on her own recognizance herein to await the further orders of this court."

The other matters presented by appellant cannot be considered by us, the judgment as reformed not being final.

As above reformed, the judgment of the trial court will be affirmed.

*Reformed and affirmed.*