Eric Rodney GOSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55795.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 9, 1979.

Jack W. Manning, Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and James G. Walker, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for rape. V.T.C.A., Penal Code, Section 21.02. Indicted for the offense of aggravated rape under V.T.C.A., Penal Code, Section 21.03, the appellant was found guilty by a jury of the lesser included offense and assessed punishment at 20 years' confinement.

Appellant contends that the court committed reversible error by denying his motion to quash the indictment; he also challenges the sufficiency of the evidence. We affirm.

The prosecutrix testified that on August 8, 1975, at approximately 9 p. m., she was accosted by the appellant while she was walking home from the grocery store near her home. The appellant asked her to assist him in starting his car; the prosecutrix agreed and as the prosecutrix attempted to enter the car, the appellant forced her behind some nearby bushes and raped her.

The appellant testified in his own behalf that the prosecutrix consented to have intercourse with him and that no force or threats were involved.

Prior to trial, the appellant moved to quash the indictment for aggravated rape on the ground that it did not directly specify the person threatened with the im-

**588**

minent infliction of death.[1] Omitting the formal portions, the indictment alleges that the appellant did

"knowingly and intentionally, by force and threats, have sexual intercourse with [the prosecutrix], a female not his wife, without the consent of [the prosecutrix], and did then and there compel [the prosecutrix] to submit to such act of sexual intercourse by threatening the imminent infliction of death."

We agree with the appellant's contention that this indictment was subject to his motion to quash for the reason set forth therein. An indictment for aggravated rape should allege to whom the threat of imminent infliction of death was directed. *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App. 1977); see also *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978). However, we cannot say that the court's refusal to quash the present indictment warrants a reversal of this case.

Appellant's motion to quash was aimed at the aggravating feature of the indictment. Appellant was not convicted of aggravated rape, but rather, was convicted for the lesser included offense of rape. Thus, the only possible harm the appellant could have suffered as a result of the court's error is that the court's refusal to quash the indictment rendered admissible testimony which otherwise would not have been admissible. See *Smith v. State,* 76 Tex.Cr.R. 516, 176 S.W. 49 (1915). However, appellant was not so harmed in the present case. The indictment charged appellant with committing rape by force and threats under Section 21.02, supra. The aggravating feature of this indictment charged that appellant threatened the "imminent infliction of death." Section 21.03, supra. Therefore, testimony concerning any type of threat made by the appellant in order to effect his criminal design would have been admissible to establish the plain offense of rape by "force and threats." Appellant's first ground of error is overruled.

1. Section 21.03, supra, provides, in relevant part, that:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:

 We next consider appellant's second contention in which he argues that the evidence is insufficient to show "that the prosecutrix submitted to sexual intercourse with the defendant because of any threat of the imminent infliction of death." As we understand it, appellant is arguing that the State failed to prove beyond a reasonable doubt the aggravating circumstances of this offense. We agree, and apparently so did the jury, for it convicted the appellant of the offense of rape and not aggravated rape. Appellant's second contention is overruled.

The judgment is affirmed.

* * * * * *

"(2) *compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.*" (Emphasis supplied.)