

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00006-CR

_____

ANTHONY LAMAR HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0278X

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Anthony Lamar Harvey pled guilty twice to the same charge of aggravated robbery, both in open pleas. After the first plea—before which Harvey had been admonished that the range of punishment was five to ninety-nine years' incarceration—the State remembered, and notified the trial court of, its notice of intent to enhance Harvey's sentence.[1] As a result, over Harvey's objection, Harvey was re-admonished that the range of punishment was fifteen to ninety-nine years' imprisonment and entered his second plea.[2]

On appeal, Harvey contends that the second plea violated his constitutional protection against double jeopardy. Because Harvey's initial plea was never accepted by the trial court, we disagree.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. amend. V. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g). The defendant bears the burden to come forward with evidence in support of a double-jeopardy allegation. *Anderson v. State*, 635

---

[1] After Harvey's first plea, the trial court recessed to obtain a presentence investigation report. About two months later, at the punishment hearing, the State reminded the trial court of its notice of intent to seek enhanced punishment.

[2] The trial court sentenced Harvey to forty years' imprisonment.

S.W.2d 722, 725 (Tex. Crim. App. 1982).

"Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.'" *Arizona v. Washington*, 434 U.S. 497, 503 (1977). In a jury trial, the empaneling and swearing of the jury panel is the point at which jeopardy attaches. *Ex parte Fierro*, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002) (citing *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995)); *see also Ex parte Lewis*, 219 S.W.3d 335, 353 (Tex. Crim. App. 2007) (double jeopardy generally prevents retrial once jury sworn). In a Texas bench trial, jeopardy attaches when the defendant pleads to the charging instrument and the trial court accepts the plea. *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996). The rationale for this constitutional principle is based in fairness:

> Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unreasonable accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted.

*Washington*, 434 U.S. at 503–04 (*referencing United States v. Jorn*, 400 U.S. 470, 483 (1971) (plurality opinion)); *Ex parte Hunter*, 256 S.W.3d 900, 904 (Tex. App.—Texarkana 2008), *pet. dism'd as moot*, 297 S.W.3d 292 (Tex. Crim. App. 2009); *see also Lewis*, 219 S.W.3d at 353 (noting consequence of double jeopardy jurisprudence that occasionally, guilty person goes free).

In *Ortiz*, the Texas Court of Criminal Appeals decided when jeopardy attaches in a case involving a negotiated guilty plea. *See Ortiz*, 933 S.W.2d at 105. The court held that, even

though the trial court had accepted the defendant's plea, that acceptance was conditional, not final; and jeopardy had not attached. *Id.* The court, instead, ruled that jeopardy attaches "when the trial court accepts the plea bargain." *Id*. at 107. The court reasoned that a defendant is "put to a trial before the trier of fact" and placed in jeopardy not at the time of the plea, but when that plea is accepted in full, including the plea agreement. *Id*. at 106.

Here, following the court's initial admonishments and explanation, the following exchange took place between the trial court, Harvey, and Harvey's attorney:

> THE COURT: What is your plea: Guilty or not guilty?
>
> [Defendant]: Guilty.
>
> THE COURT: All right. At this point in time, the Court will note your plea of guilty. What I'm going to do at this point is, I'm going to recess this hearing. I'm going to order that the Probation Department will get with you. And, Mr. Moore, you need to follow up on that and make sure that we get that done. I don't know whether or not you want to be present at the interview or what and everything. So I'll let you guys work through that --
>
> [Defense Counsel]: Okay.
>
> THE COURT: -- and get that done. And once we get the presentencing report done, we'll reset this on the Court's docket and come back in here, and we'll deal with the sentencing.

"There can be no double jeopardy unless the [accused] has been previously placed in jeopardy." *Scholtes v. State*, 691 S.W.2d 84, 87 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). Even though *Ortiz* and its progeny are cases involving plea agreements, the holding and reasoning are applicable here. Even in the case of an open plea, the trial court must still accept the

4

plea in order for jeopardy to attach.   Here, the trial court merely *noted* Harvey's plea, rather than accepting it.   The trial court never accepted Harvey's first plea and, until after the second plea, did not find Harvey guilty.[3]

Accordingly, we overrule Harvey's point of error and affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 1, 2012
Date Decided:      May 2, 2012

Publish

---

[3]At the time of the first admonishment and first plea, the trial court did not find Harvey guilty.