# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00464-CR

**Glenn Smith, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-11-0026, HONORABLE DAN R. BECK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Glenn Smith pleaded guilty to the offense of driving while intoxicated—subsequent offense. *See* Tex. Penal Code § 49.09. The district court assessed punishment at five years' imprisonment. In a single issue on appeal, Smith asserts that his conviction violates his right to be free from double jeopardy. We will affirm the judgment of conviction.

## BACKGROUND

On November 6, 2010, Smith was arrested for the offense of driving while intoxicated. He was later indicted for that offense and subsequently entered into a plea-bargain agreement with the State. On January 26, 2011, Smith pleaded guilty to the offense, and the district court took the matter "under advisement" and reset the cause for sentencing, pending the preparation of a presentence investigation report (PSI). The district court also released Smith on a

personal recognizance bond, conditioned upon Smith abstaining from the use of alcohol and refraining from operating any motor vehicle. The district court admonished Smith that violating the conditions of his bond could void his plea-bargain agreement.

The record is somewhat unclear as to what happened next. There is an entry on the district court's docket sheet dated February 3, 2011, that reads, "As per [Judge William] Henry, revoke bond and warrant to be issued—[defendant] showed up drunk for PSI." The cause was set for trial on April 11, 2011. On that date, the record reflects that a jury was selected, empaneled, sworn, and instructed. The following day, the indictment was read, and Smith pleaded not guilty to the offense. However, following the denial of Smith's motion to suppress, Smith changed his plea to guilty, the jury was released, and the case proceeded to punishment. On June 9, 2011, the district court sentenced Smith to five years' imprisonment. On that same date, Smith filed a plea of double jeopardy, although the record does not reflect whether the district court ever held a hearing or ruled on the plea. This appeal followed.

**ANALYSIS**

In his sole issue on appeal, Smith asserts that his conviction violated his right to be free from double jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted to prohibit successive prosecutions for the same offense following either acquittal or conviction, and multiple punishments for the same offense. *See Bailey v. State*, 87 S.W.3d 122, 126 (Tex. Crim. App. 2002) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Smith claims that jeopardy attached in this case when he first pleaded guilty to the offense on January 26. According to Smith, the record reflects that the district court accepted his guilty plea at that time, and it does not reflect that the guilty plea was ever withdrawn. *See Ortiz v. State*, 933 S.W.2d 102, 106-07 (Tex. Crim. App. 1996) (holding that, in context of negotiated plea proceeding, jeopardy attaches when trial court accepts plea bargain). Therefore, in Smith's view, the subsequent proceedings that occurred following his January 26 plea hearing violated his right to be free from successive prosecutions for the same offense.

As an initial matter, the State contends that Smith failed to preserve error on this claim, which would affect our standard of review. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (holding that if double-jeopardy claim is not properly preserved in trial court, conviction may be reversed on that ground only "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests"). Here, the only way that Smith might have preserved error is through his plea of double jeopardy.

A defendant may file a special plea in order to assert a former jeopardy claim. *Apolinar v. State*, 820 S.W.2d 792, 793 (Tex. Crim. App. 1991) (citing Tex. Code Crim. Proc. art. 27.05). However, that plea is designed to prevent multiple convictions or punishments for the same offense, not successive prosecutions, which is the basis of Smith's claim here. *See id.* at 794; *Kelson v. State*, 167 S.W.3d 587, 591-93 (Tex. App.—Beaumont 2005, no pet.). The proper procedural vehicle for challenging successive prosecutions for the same offense is a pretrial application for writ of habeas corpus, which Smith never filed. *See Apolinar*, 820 S.W.2d at 794

3

("Because the special plea procedure does not protect against retrial, use of the pretrial writ of habeas corpus is the only way to protect a defendant's Fifth Amendment right against twice being put to trial."); *see also Ex parte Robinson*, 641 S.W.2d 552, 554-55 (Tex. Crim. App. 1982). We also observe that, even if his plea of double jeopardy had been the proper procedural vehicle for raising his successive-prosecutions claim, Smith failed to obtain a ruling on that plea.[1] Accordingly, there is no action by the district court for us to review. *See* Tex. R. App. P. 33.1; *Nash v. State*, 467 S.W.2d 414, 416 (Tex. Crim. App. 1971).

Because Smith failed to preserve error, we can reverse Smith's conviction on double-jeopardy grounds only if "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *See Gonzalez*, 8 S.W.2d at 643; *see also Shaffer v. State*, 477 S.W.2d 873, 875-76 (Tex. Crim. App. 1971). In this case, we cannot conclude that the undisputed facts show that a double jeopardy violation is clearly apparent on the face of the record. To support his contention that the district court accepted his guilty plea, Smith points to the following language in his written plea-bargain agreement:

> IT IS THEREFORE ORDERED that the Defendant's Waivers and Stipulations as set forth above are hereby APPROVED by this Court and the findings made as set out above. The Court accepts the Defendant's plea, and having heard evidence, finds that the evidence substantiates the Defendant's guilt.

---

[1] Additionally, as the State observes in its brief, Smith's plea was not verified as required by the rules. *See* Tex. Code Crim. Proc. art. 27.06.

The district court's signature appears immediately following this paragraph, with a notation indicating that it was signed on January 26, 2011, the same day that Smith entered his plea in open court. Although this may be some evidence that the district court accepted the plea agreement, there is other evidence in the record indicating that the district court did not accept the agreement. At the plea hearing, immediately after "accepting" Smith's plea, the district court stated that it would "take this matter under advisement subject to a Presentence Investigation Report." The court of criminal appeals has held that such language is "tentative" and does not indicate unconditional acceptance of the plea agreement. *See Ortiz*, 933 S.W.2d at 104 ("Essentially, the trial judge accepted the plea conditionally while he deferred a final decision until the pre-sentence investigation was complete. He did not adjudicate guilt or accept the plea agreement."); *see also Harvey v. State*, 367 S.W.3d 513, 515-16 (Tex. App.—Texarkana 2012, pet. ref'd). Additionally, the district court admonished Smith at the hearing that if he violated the conditions of his bond, this would "void" the plea-bargain agreement, which further indicates that the court had not yet accepted the agreement.

We also disagree with Smith's assertion that there is no evidence in the record that he withdrew his guilty plea. Although there is no transcript of the hearing in which Smith withdrew his plea, it is apparent from other portions of the record that this is what occurred. First, there is the entry on the district court's docket sheet indicating that Smith "showed up drunk for [his] PSI," which apparently prompted the district court to revoke Smith's bond and issue a warrant for his arrest. Then, at Smith's trial on April 12, which was before a different presiding judge than the one

5

who had presided over the original plea hearing,[2] the record reflects that the district court asked the parties, "[D]id probation ever complete the PSI?"  The State responded, "No, he never showed up for the meetings."  Defense counsel added, "No, Your Honor, they never did.  We actually—once the bond was raised, the State removed the offer of probation, for the record, that's when the Court allowed us to withdraw our plea."  Later, at the sentencing hearing on June 9, defense counsel, in his closing argument, provided further explanation of the events that prompted the withdrawal of Smith's plea:

> [The State] still recommended probation, originally, in this case.  That was the original deal before this whole incident with the first PSI, this whole incident and drinking and all that.  They already knew all this, or they should have known all that.  The facts of the case did not change and they still recommended probation, initially.
>
> Now, after the incident here at the courthouse and the accusations of drinking and everything else, that's when we had to go to trial, that's when we had to—you know, they withdrew the offer, the judge withdrew the offer, you know, said [he] wasn't going to accept it and then that's when we withdrew the plea and entered not guilty and we set it for trial.

Based on the above, it is apparent that the district court had not accepted the plea agreement on January 26 and that the district court had allowed Smith to withdraw his plea at some point prior to the April trial setting.  Accordingly, we cannot conclude that there is a double-jeopardy violation clearly apparent on the face of this record.  We overrule Smith's sole issue.

---

[2]  Smith's original plea hearing on January 26, 2011, was before the Honorable William Henry.  The subsequent proceedings in April and June 2011 were before the Honorable Dan R. Beck.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 9, 2013

Do Not Publish