**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00573-CR**
_____

**RAMON AGUILAR JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-11-12564 CR**

**MEMORANDUM OPINION**

Claiming a double-jeopardy violation, Ramon Aguilar Jr. appeals his conviction for evading arrest and detention with a vehicle. We hold that no double-jeopardy violation occurred, and we affirm the trial court's judgment.

Background

In May 2013, the State indicted Aguilar in cause number 13-02-01724 CR for using a vehicle to evade his arrest. In September 2013, in an open plea without

1

the benefit of a recommended punishment, Aguilar pled guilty. When the hearing concluded, the trial court advised Aguilar that it would conduct a punishment hearing on a future date.

In November 2013, in cause number 13-11-12564 CR, the State reindicted Aguilar for the crime of evading arrest, the same offense to which Aguilar pled guilty in cause number 13-02-01724 CR. Comparing the indictments in the two cause numbers, two of the enhancement paragraphs in cause number 13-11-12564 CR were altered slightly to clear up a mistake identifying the correct district court in the first enhancement paragraph in cause number 13-02-01724 CR, and a mistake identifying the correct date of the offense in the second enhancement paragraph in cause number 13-02-01724 CR. Several days after the grand jury reindicted Aguilar for evading arrest in cause number 13-11-12564 CR, the State dismissed cause number 13-02-01724 CR, explaining that Aguilar had been reindicted in cause number 13-11-12564 CR.

In November 2013, the trial court conducted a plea hearing in cause number 13-11-12564 CR. At the hearing, the trial court advised Aguilar that he was charged with evading arrest or detention with a vehicle, normally a third degree felony, but that based on the three prior felonies in the enhancement paragraphs of the indictment in cause number 13-11-12564 CR, the punishment range on the

felony of evading arrest was increased to a penalty of 25 years to life in prison and a fine of $10,000.

At the conclusion of the hearing, Aguilar pled guilty to evading arrest, and he pled true to each of the paragraphs used to enhance his punishment. After the trial court accepted Aguilar's plea, the court recessed the hearing, noting that it would conduct another hearing in December 2013 to consider Aguilar's punishment. Following the sentencing hearing that occurred in December, the trial court pronounced a sentence of life.

Aguilar appeals from the judgment in cause number 13-11-12564 CR, and he raises two issues. In his first issue, Aguilar claims that his conviction in cause number 13-11-12564 CR is barred by double jeopardy. In Aguilar's second issue, he argues that he received ineffective assistance because his attorney neither advised him that he had a double-jeopardy claim, nor raised a double-jeopardy objection to the proceedings conducted in cause number 13-11-12564 CR.

## Analysis

The Double Jeopardy Clause of the United States Constitution protects a person from being prosecuted or punished for the same offense more than once. *See* U.S. CONST. amend. V. Aguilar contends that jeopardy attached to his crime of

evading arrest after the trial court completed hearing his plea in cause number 13-02-01724 CR, a hearing that occurred in September 2013.

Under Texas law, "jeopardy attaches when the defendant pleads to the charging instrument and the trial court accepts the plea." *Harvey v. State*, 367 S.W.3d 513, 515 (Tex. App.—Texarkana 2012, pet. ref'd) (citing *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996)). The question presented in Aguilar's appeal concerns whether the trial court, at the conclusion of the hearing in cause number 13-02-01724 CR, accepted his plea. However, the trial court's acceptance of a negotiated plea does not place a defendant in jeopardy because the court's acceptance is conditional: it has not yet made a decision on whether it will agree to the recommendations related to the defendant's punishment. *See Ortiz*, 933 S.W.2d at 105-07. Usually, the trial court's decision to accept the State's punishment recommendations does not occur until the trial court conducts a sentencing hearing. In a case that is similar to Aguilar's, the Texarkana Court of Appeals held that "[e]ven in the case of an open plea, the trial court must still accept the plea in order for jeopardy to attach." *Harvey*, 367 S.W.3d at 516.

The transcript of the hearing conducted in cause number 13-02-01724 CR reflects that the trial court never accepted Aguilar's open plea in the hearing conducted on September 2013. Instead, after Aguilar pled guilty in cause number

4

13-02-01724 CR, the court recessed the matter until a punishment hearing could be held on a later date.

Aguilar has failed to meet his burden to provide evidence supporting his allegation that a double-jeopardy violation occurred. *See Anderson v. State*, 635 S.W.2d 722, 725 (Tex. Crim. App. 1982). Because no double-jeopardy violation occurred, Aguilar's first issue is without merit and his attorney was not ineffective for failing to advise him or object to proceedings that did not implicate Aguilar's double-jeopardy rights. We overrule Aguilar's issues, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 28, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.