The STATE of Texas, Appellant

v.

Louis Houston JARVIS, Jr. and Jennifer Renee Jones, Appellees

No. 10–15–00133–CR, No. 10–15–00134–CR

Court of Appeals of Texas, Waco.

Opinion delivered and filed April 7, 2016

Walter M. Reaves Jr., Law Office of Walter M. Reaves, PC, Waco, TX, for Appellant/Relator.

John R. Messenger, Assistant State Prosecuting Attorney, Austin, TX, for Appellees/Respondents.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

REX D. DAVIS, Justice

Appellee Louis Houston Jarvis, Jr. and his wife, Appellee Jennifer Renee Jones, were both charged with driving while intoxicated arising out of separate but related incidents on the same evening. Both entered an open plea of no contest, but before they were found guilty, it was discovered that both informations did not allege the year that the offenses were committed. The trial court ultimately granted their motions to acquit and entered judgments of acquittal.

The State appeals in each case. Because the issues are identical in each appeal and because the trial-court proceedings in each case were held jointly, we issue this joint opinion and will reverse the trial court's purported acquittals.

### I.

Jarvis and Jones entered open pleas of nolo contendere (no contest) to their respective DWI charges. After explaining the procedures and obtaining the appropriate waivers and written pleas,[1] the trial court asked the State if it planned to present witnesses or to just provide a statement on punishment. The State presented three witnesses, none of whom were cross-examined by the defense.[2] The defense immediately rested, and then the prosecutor and defense counsel made short punishment arguments.

The trial court recessed for fifteen minutes but returned early after having been notified by the court reporter that the informations alleged a month and date of the offenses but not a year.[3] The trial court announced that it would "need to back off and not rule" if an oral amendment to the informations could not be agreed to, stating:

> I believe that [the absence of a year] would be a fatal defect. And because of that, I am not prepared to rule on this case until we either reschedule the case so that the amendment can be done or amend it by agreement and proceed.

The State then requested that the trial court interlineate the informations with the year, but that request was opposed by defense counsel, who asserted that the year was "a material element," that "jeopardy has attached," and that any judgment would be void. The trial court disagreed:

> I have not entered a finding of guilt in this case, yet; so I don't believe that jeopardy has attached. I've accepted a plea of no contest, but I have not made a finding of anything, yet .... I did not enter a finding of guilt before we proceeded with the punishment stage and I've made no pronouncement of guilt, nor have I made any pronouncement of sentence.

The trial court then recessed the hearing, stating that it would "withhold a finding in any respect, [a] finding of guilt or [a] finding of punishment."

When the hearing reconvened over a month later, Jarvis and Jones had each filed a motion to quash and a motion for

---

1. Each written waiver and plea states in part: I waive my right to be tried by a jury, and respectfully request the Court to receive my plea of NOLO CONTENDERE herein, and to assess my punishment without a jury. I expressly agree and stipulate that the State's attorney may summarize the evidence in this cause and may submit to the Court any supporting documents.

2. The arresting officer testified to the complete date of the offenses: February 15, 2014 for Jones and February 16, 2014 for Jarvis.

3. The complaints, however, did include a year.

acquittal. At the beginning of the hearing, the trial court recapped the events to date, stating:

> The Court heard punishment stage arguments—well, arguments as to guilt-innocence and what should be done if the Court entered a finding of guilt. And after the situation with the wording of the Information being pointed out to the Court, the Court recessed—withheld making a ruling in the case and recessed the case until today's date.

After hearing argument on the motions to quash and for acquittal, the trial court granted the motions for acquittal, stating:

> The date of an offense is a key element of the offense which must be pled and proved. There is no question that it was not pled in this case nor was any trial amendment requested to amend the Information to amend the pleadings. It is my belief that the law is very clear in this case, that the State accepted its burden of proof and failed to meet it.
>
> That being the case, there is—in my belief, the Court cannot enter any other verdict other than a verdict of acquittal in both cases.... In each case a verdict of acquittal is hereby entered.

The trial court signed judgments of acquittal in each case. The State then filed a motion for rehearing in each case, arguing that acquittals could not be entered because jeopardy had not attached, the trial court had never accepted the no-contest pleas and found the defendants guilty, and effectively dismissing with prejudice the prosecutions was improper.

The trial court denied the motions for rehearing, and these appeals followed. The State's issues assert that (1) jeopardy did not attach, and if it did, the trial court lacked authority to enter judgments of acquittal, and (2) if jeopardy did not attach, or if the trial court lacked authority to enter judgments of acquittal, no other le-gal theory permitted dismissals without the State's consent.

## II.

Jarvis and Jones have each filed a motion to dismiss the State's appeals for lack of jurisdiction; they each identically assert that the State cannot appeal the judgments of acquittal. We thus begin our analysis by addressing whether the State can appeal these cases. Our answer necessarily implicates the merits of the State's appeals.

■■■■ The State may appeal an order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." *State v. Moreno*, 294 S.W.3d 594, 597 (Tex.Crim. App.2009) (quoting TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp.2015)).

> [Under article 44.01], the State has the power to appeal from any trial court order concerning an indictment or information (and the Court of Appeals has the jurisdiction to address the merits of the appeal from that order) whenever the order effectively terminates the prosecution in favor of the defendant. Of course, it is well settled that a verdict of acquittal cannot be reviewed regardless of how egregiously wrong the verdict may be.

*State v. Moreno*, 807 S.W.2d 327, 332 & n. 6 (Tex.Crim.App.1991).

■■■■ The State cannot appeal, however, if jeopardy has attached and there has been an acquittal. *Id.* at 598 ("[W]hen a trial ends, after jeopardy has attached, with a judgment of acquittal, 'whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict,' any further prosecution, including an appeal, is prohibited by the Double Jeopardy Clause."). But even if jeopardy has attached and the trial

court grants a defense motion to dismiss the prosecution on any legal basis unrelated to guilt or innocence and "without ultimately addressing the issue of guilt or innocence, there is no double jeopardy impediment to the State's appeal." *State v. Stanley,* 201 S.W.3d 754, 758–59 (Tex. Crim.App.2006).

### A.

We first address the nature of the trial court's ruling that terminated these prosecutions. Jarvis and Jones filed identical motions for acquittal, alleging that the State failed to prove "a prima facie case of the alleged offense in the information because the date of the alleged offense is incomplete."

▮ The above record excerpt shows that the trial court's oral ruling in each case was a "verdict of acquittal." The "judgment of acquittal" that the trial court subsequently signed in each case reads: "After hearing all the evidence, motions and arguments of counsel pertaining to the same, the Court does hereby enter a Judgment of Acquittal in the above-entitled cause."

> [T]he Supreme Court has prescribed and "consistently used" a definition of "acquittal." ... According to that definition, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" [*Smith v. Massachusetts,* 543 U.S. 462, 468, 125 S.Ct. 1129, 1134, 160 L.Ed.2d 914 (2005)]. This Court has similarly observed, in *Ex parte George,* [913 S.W.2d 523, 527 (Tex. Crim.App.1995)], that while no statutory provision explicitly defines the word "ac-

quittal," "the context in which it appears throughout the Code of Criminal Procedure creates a powerful inference that it means a finding of fact that the accused is not guilty of the criminal offense with which he is charged."

*Stanley,* 201 S.W.3d at 760 (footnotes omitted).

> The mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability.... Indeed, if we were to allow trial courts the unfettered discretion to protect their erroneous or questionable rulings merely by calling them something other than dismissals, this would vitiate any power of the State to appeal. ... [W]e decline to allow the trial court to shelter its orders through the use of nomenclature. An appellate court, in order to determine its jurisdiction, must look to the effect of any orders concerning an indictment or information, not what the trial court or the parties at trial have labeled such orders.

*Moreno,* 807 S.W.2d at 332–33; *see Stanley,* 201 S.W.3d at 760 ("the Supreme Court has declared that 'the trial judge's characterization of his action does not control the classification of the action.'") (quoting *United States v. Scott,* 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978)).

▮ In announcing his ruling from the bench on the motions for acquittal, the trial court plainly stated the basis for his "verdict of acquittal" in each case: the year of the offense was not pled in each information:[4]

> The date of an offense is a key element of the offense which must be pled and proved.[5] There is no question that it

---

4. As set out above, the trial court initially called this omission a "fatal defect."

5. We disagree with this statement. "An 'element' is a fact that is legally required for a fact finder to convict a person of a substantive

was not pled in this case nor was any trial amendment requested to amend the Information to amend the pleadings.[6] It is my belief that the law is very clear in this case, that the State accepted its burden of proof and failed to meet it.

■ We also disagree that the State had accepted a burden of proof. Where a defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere, "such a plea is a conviction with nothing remaining but for the court to determine punishment and render judgment." *Ex parte Martin*, 747 S.W.2d 789, 791–92 (Tex.Crim.App.1988). Moreover, the State is not required to introduce any evidence to support a plea to a misdemeanor. Article 1.15, which provides in part that, "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same," applies only to felonies. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). In a misdemeanor case, the trial court may accept a plea and assess punishment without consideration of any evidence. *Id.* art. 27.14(a) (West Supp.2015) ("A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made …; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court."); *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Crim.App.1974) ("where the plea of guilty in a misdemeanor case is before

the court the trial court is not required to hear evidence on a plea of guilty"). The State's decision to offer evidence (which it apparently did in this case for punishment) cannot create a burden of proof that is not required by law, nor could that decision transform the plea hearing into a bench trial on guilt-innocence.

Finally, in a misdemeanor case with a guilty or no-contest plea, there is no authority for a trial court to weigh the sufficiency of the evidence, if any is offered, and enter an acquittal. Regardless, the record here is clear that the trial court did not weigh the evidence and make a factual determination that, based on the evidence, Jarvis and Jones were each not guilty of the offense of DWI. *See Stanley*, 201 S.W.3d at 760. Instead, and indisputably, the trial court's ruling was based solely on the omitted year of the offense in the informations. The trial court's problem was with the State's charging instruments, not with the State's evidence.

Therefore, we conclude that the trial court's ruling was not an acquittal in fact but effectively was a dismissal of the informations with prejudice without the State's consent. As discussed above, under article 44.01, the State may appeal such an order.

### B.

■ We next consider whether Double Jeopardy precludes the State's appeals. That consideration begins by addressing whether jeopardy even attached. The

---

offense." *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex.Crim.App.2014). It includes the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. *See* Tex. Penal Code Ann. § 1.07(a)(22) (West Supp.2015). The date of an offense pertains to the applicable statute of limitations, which is a defense. *See Ex parte Heilman*, 456 S.W.3d 159, 162 (Tex. Crim.App.2015). And even if the date of the offense were an element, an "information flawed by a defect of substance but which

purports to charge an offense is not fundamentally defective and … will support a conviction." *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex.Crim.App.1998).

**6.** As noted above, the State did request that the trial court interlineate the informations with the year, but the defense objected and the trial court never ruled on the State's request after recessing.

Court of Criminal Appeals has narrowly held that, "in a negotiated plea proceeding, jeopardy attaches when the trial court accepts the plea bargain." *Ortiz v. State,* 933 S.W.2d 102, 106–07 (Tex.Crim.App. 1996). Apparently, no Texas case has held that jeopardy attaches when a trial court accepts an open guilty or no-contest plea without a plea bargain.[7] We will therefore assume without deciding that jeopardy attached when the trial court accepted the no-contest pleas; even if jeopardy attached, because, as we have held, the trial court granted a defense motion to dismiss the prosecution on a legal basis unrelated to guilt or innocence and "without ultimately addressing the issue of guilt or innocence, there is no double jeopardy impediment to the State's appeal." *Stanley,* 201 S.W.3d at 758–59.

In conclusion, we deny the motions to dismiss the State's appeals because the State has the right of appeal under article 44.01 and there is no double jeopardy impediment.

### III.

■ It is not in dispute that, except for the missing year, the informations allege DWI offenses. The absence of an alleged date of commission of the offense within the statute of limitations is a defect of form that, even if sustained, permits refiling by the State. Tex. Code Crim. Proc. Ann. art. 27.09 (West 2006) ("Exceptions to the form of an indictment or information may be taken for the following causes only: ... 2. The want of any requisite prescribed by Articles 21.02 and 21.21."); *id.* art. 21.21(6) (West 2009) ("An information is sufficient if it has the following requi-

sites: ... 6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation[.]"); *id.* art. 28.04 (West 2006) ("the defendant ... may be again prosecuted within the time allowed by law."). Moreover, at oral argument and in a post-submission brief, counsel for Jarvis and Jones concedes that, unless there was an actual acquittal, the trial court could not have dismissed these cases without the State's consent.

No applicable theory of law would permit the trial court to dismiss, without the State's consent, the State's cases with or without prejudice. *See State v. Esparza,* 413 S.W.3d 81, 89 (Tex.Crim.App.2013). We thus hold that the trial court erred in dismissing these cases. We sustain the State's issues in part and reverse the trial court's dismissal orders. Each case is remanded for further proceedings consistent with this opinion.

---

7. In *Harvey v. State,* the court purported to apply *Ortiz's* reasoning to open pleas and stated conclusorily that, in the case of an open plea, jeopardy attaches when the trial court accepts the plea. 367 S.W.3d 513, 515–

16 (Tex.App.–Texarkana 2012, pet. ref'd). That statement is unpersuasive and likely dicta, as the trial court in *Harvey* did not accept the open guilty plea. *See id.*